IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> DRIVERS MANAGEMENT, LLC ) <br> AND WERNER ENTERPRISES, INC., ) <br> ) <br> Defendants. ) | Case No. CIV-18-462 <br> Demand for Jury Trial |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended, ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Victor Robinson, who was adversely affected by such practices. As alleged with greater particularity below, Defendants Drivers Management, LLC and Werner Enterprises, Inc. violated the ADA by refusing to hire him because of his disability and his need for a reasonable accommodation.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nebraska.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. Defendant Drivers Management, LLC is a wholly owned subsidiary of Gra-Gar, LLC, which is a wholly owned subsidiary of Defendant Werner Enterprises, Inc.

5. At all relevant times, Defendants have continuously been employers engaged in industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Victor Robinson timely filed a charge of discrimination (Charge No. 32E-2016-00493) with the Commission. Robinson's charge alleged violations of Title I of the ADA by Defendants.

8. The Commission sent Drivers Management, LLC timely notice of Robinson's charge.

9. On September 6, 2018, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants violated the ADA.

10. The Letter of Determination invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13. On September 25, 2018, the Commission issued a Notice of Failure of Conciliation to Defendants.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

15. Since birth, Victor Robinson has been deaf, which substantially limits his major life activities and the functioning of bodily systems, including but not limited to his ability to hear and speak. To manage this condition, Robinson uses American Sign Language and other assistive technology.

16. On March 29, 2015, Robinson received from the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA") an exemption from the hearing regulation of 49 C.F.R. § 391.41(b)(1) for the operation of a commercial motor vehicle ("hearing exemption").

17. In February 2016, Robinson successfully completed commercial truck driving school at Roadmaster Drivers School in Indianapolis, Indiana.

18. In February 2016, Robinson received his commercial driver license.

19. While Robinson was attending Roadmaster Drivers School, Defendants received Robinson's "pre-application" for employment, dated December 23, 2015, for an over-the-road truck driving position.

20. On January 7, 2016, Robinson received an email from Morgan Baker at Werner thanking him for his application and explaining that she would be the Driver Recruiter reviewing his application. Robinson responded that he was very interested in the job and asked for a call. Robinson and Baker subsequently spoke on the phone via an interpreter.

21. Defendants received a copy of Robinson's hearing exemption.

22. On February 9, 2016, Robinson received an email from Baker saying that his "application has been pre-approved! Please call me to discuss the opportunities available in your area."

23. On February 9, 2016, Robinson also received an email from Erin Marsh, Manager of Student Recruiting for Werner, who asked him to contact her at his "earliest convenience to go over additional information on [his] application, orientation, training and opportunities in your area."

24. Later on February 9, 2016, Robinson and Marsh spoke on the phone via an interpreter. Marsh explained Werner's orientation program in Omaha, Nebraska, and that it would include simulator training. Robinson said he would need an interpreter during orientation. Marsh said he would need to attend orientation in Omaha, instead of another training location to

ensure he would have appropriate interpreter services and to ensure the simulator would be available for his use.

25. On February 15, 2016, Marsh sent Robinson an email asking him to call her back in an hour to speak to one of Werner's safety representatives.

26. Robinson called Marsh and was interviewed by Marsh and Werner's Vice President of Safety and Compliance, Jaime Maus, over the phone using a video relay system.

27. During her call with Robinson, Maus asked him multiple questions about his ability to complete training and to drive given his deafness. He answered her questions, explaining he checks his mirrors frequently, his other senses compensate, and he can write and gesture with trainers.

28. Maus did not propose any means of accommodation and did not further investigate any means of accommodation.

29. At the end of her call with Robinson, Maus told him that because he could not hear, he would not be hired. Robinson told her he believed that to be discrimination.

30. Robinson tried to contact Werner multiple times following his phone call with Maus but did not receive any response.

31. Robinson has since been hired by multiple commercial truck driving companies and successfully worked as a commercial truck driver.

## STATEMENT OF CLAIMS

### COUNT I

### (ADA – Failure to Hire Because of Disability)

32. Plaintiff repeats, re-alleges, and incorporates by reference in the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

5

33. Robinson is a qualified individual with a disability as defined in the ADA.

34. Defendants discriminated against Robinson in violation of 42 U.S.C. § 12112(a) by denying his employment on the basis of his disability as defined in 42 U.S.C. § 12102(1).

35. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Robinson has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, moving expenses, job search expenses, medical expenses, emotional pain and suffering, stress, anxiety, depression, loss of enjoyment of life, inconvenience, embarrassment and humiliation.

36. The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of Robinson.

## COUNT II

### (ADA – Failure to Hire Because of Need for Accommodation)

37. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

38. Defendants engaged in unlawful employment practices in violation of 42 U.S.C. § 12112(a) and (b)(5) by refusing to hire Robinson, a qualified individual disabled within the meaning of ADA, because of his need for a reasonable accommodation.

39. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Robinson has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, moving expenses, job search expenses, medical expenses, emotional pain and suffering, stress, anxiety, depression, loss of enjoyment of life, inconvenience, embarrassment and humiliation.

40. The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of Robinson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendants, their subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendants, from engaging in unlawful employment practices which discriminate on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities and which eradicate the effects of Defendants' past and present unlawful employment practices.

C. Order Defendants to make Victor Robinson whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Defendants' unlawful employment practices.

D. Order Defendants to make Victor Robinson whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, moving expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendants to make Victor Robinson whole by providing compensation for non-pecuniary losses resulting from the lawful employment practices described above, including

7

emotional pain and suffering, stress, anxiety, depression, loss of enjoyment of life, inconvenience, embarrassment and humiliation, in amounts to be determined at trial.

    F.    Order Defendants to pay Victor Robinson punitive damages for their malicious and reckless conduct as described above, in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney
C. FELIX MILLER
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
St. Louis District Office, 1222 Spruce St., Room 8.100
St. Louis, MO 63130
Phone: (314) 539-7910
andrea.baran@eeoc.gov
felix.miller@eeoc.gov

*/s/ Emily A. Keatley*
EMILY A. KEATLEY, D.C. Bar No. 1004811
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Kansas City Area Office, 400 State Ave., Ste. 905
Kansas City, KS 66101
Phone and Fax: (913) 551-6648
emily.keatley@eeoc.gov
*Attorneys for Plaintiff Equal Employment Opportunity Commission*