# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br> vs.<br><br>DRIVERS MANAGEMENT, LLC, and WERNER ENTERPRISES, INC.,<br><br>      Defendants. | **8:18CV462**<br><br>**SECOND AMENDED FINAL PROGRESSION ORDER** |

This matter is before the Court on the parties' Unopposed Motion to Extend Progression Order Deadlines. ([Filing No. 43](#).) The motion is granted. Accordingly,

**IT IS ORDERED** that the provisions of the Court's earlier progression orders remain in effect, and in addition to those provisions, the following shall apply:

1) The jury trial of this case is set to commence before John M. Gerrard, Chief United States District Judge, in the Special Proceedings Courtroom, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at **9:00 a.m.** on **December 14, 2020**, or as soon thereafter as the case may be called, for a duration of three (3) trial days. This case is subject to the prior trial of criminal cases and other civil cases that may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

2) The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on **November 20, 2020** at **10:00 a.m.**, and will be conducted by internet/telephonic conferencing. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (If counsel wishes to appear in person, counsel must contact chambers requesting permission to do so. Before contacting chambers to request such relief, counsel shall confer regarding the issue.) The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to bazis@ned.uscourts.gov, in Word format, **by 12:00 p.m. on November 17, 2020**.

3) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **January 24, 2020**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **February 7, 2020**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

4) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | **December 13, 2019** |
| For the Intervenor: | **December 13, 2019** |
| For the defendant(s): | **January 24, 2020** |

5) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | **December 13, 2019** |
| For the Intervenor: | **December 13, 2019** |
| For the defendant(s): | **January 24, 2020** |
| Plaintiff Rebuttal: | **March 6, 2020** |
| Intervenor Rebuttal: | **March 6, 2020** |

6) The non- expert deposition deadline is **March 6, 2020**. The expert deposition deadline is **April 24, 2020**.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

    b. Depositions will be limited by Rule 30(d)(1).

7) The deadline for filing motions to dismiss and motions for summary judgment is **June 28, 2020**.

8) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **June 12, 2020**.

9) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

10) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

11) All requests for changes of deadlines or settings established herein shall be directed

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 21st day of August, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge