IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DRIVERS MANAGEMENT, LLC AND WERNER ENTERPRISES, INC.,<br><br>Defendants. | 8:18-CV-462<br><br><br>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |

COME NOW, the Defendants, Werner Enterprises, Inc. and Drivers Management, LLC (collectively, "Werner"), by and through undersigned counsel and, pursuant to Local Civil Rule 51.1 and in accordance with the Court's Order on Final Pretrial Conference (Filing 286), submit Defendants' Proposed Jury Instructions. Werner reserves the right to remove or submit additional Instructions depending on further rulings of the Court and the evidence adduced at trial.

DATED this 21st day of August, 2023.

WERNER ENTERPRISES, INC.
Defendant.

BY:  */s/ Elizabeth A. Culhane*
Patrick J. Barrett, #17246
Elizabeth A. Culhane, #23632
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
pbarrett@fraserstryker.com
eculhane@fraserstryker.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was electronically filed, using the CM/ECF system, on August 21, 2023, which sent notification to all parties' counsel of record.

*/s/ Elizabeth A. Culhane*

3047559v6

**INSTRUCTION NO. 1**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial, I will give you more instructions. I may also give you instructions during the trial. All instructions, those I give you now and those I give you later—whether they are in writing or given to you orally—are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by Plaintiff Equal Employment Opportunity Commission, referred to as the "EEOC," against Defendants Werner Enterprises, Inc. and Drivers Management, LLC, collectively referred to as "Werner." Plaintiff alleges Werner violated the Americans with Disabilities Act by declining to hire Victor Robinson as a placement driver-trainee in Werner's Placement Driver Program for new or inexperienced truck drivers.

Werner contends Mr. Robinson was not qualified for the position because he could not safely complete the observed, over-the-road portion of Werner's Placement Driver Program, with or without a reasonable accommodation. Specifically, Werner contends Mr. Robinson could not safely engage in instantaneous communication with his driver trainer while driving during over-the-road training, without diverting his eyes and attention from the road. Werner contends there was no reasonable accommodation that would have enabled Mr. Robinson to safely complete the observed, over-the-road portion of Werner's placement driver program, and communicate with his trainer while driving, because any accommodation would require Mr. Robinson to take his eyes off the road in order to engage in contemporaneous communications while driving, thereby posing additional safety hazards to himself, his driver trainer, and the motoring public.

As an affirmative defense, Werner also contends its requirement that inexperienced drivers safely and successfully complete the Placement Driver Program, including the observed, over-the-road portion of training during which instantaneous communication must occur, is a job-related qualification standard and consistent with business necessity. Werner asserts Mr. Robinson could not safely complete its over-the-road training because Mr. Robinson would be required to divert his eyes and attention from the road in order to communicate with his driver trainer while driving, thereby presenting a safety risk to himself, his driver trainer, and the motoring public.

It will be your duty to decide from the evidence which party is entitled to your verdicts.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

- 5 -

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

[8th Cir. Model (2022) - 1.03 EXPLANATORY:  GENERAL; NATURE OF CASE; DUTY OF JURY; CAUTIONARY] [modified to fit statement of the case].

**INSTRUCTION NO. 2**

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

[8th Cir model (2022) – 1.05 Bench Conferences and Recesses]

**INSTRUCTION NO. 3**

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the Courtroom Deputy.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in

the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law ─ on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it.  I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I assure you that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

[8th Cir Model (2022) – 1.08 – Conduct of the Jury]

**INSTRUCTION NO. 4**

The trial will proceed in the following manner:

First, the lawyers for Plaintiff may make an opening statement. Next, the lawyers for Defendants may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting its case, the defendants will present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions, you will go to the jury room to deliberate and decide on your verdict.

[8th Cir Model (2022) - 1.09, Outline of Trial]

**INSTRUCTION NO. 5**

Ladies and gentlemen of the jury, the evidence has been fully submitted to you. It is now my job to instruct you on the law to apply to this case. In a few minutes, the lawyers will present closing arguments on behalf of their respective clients and afterward, it will then be your duty to begin fully deliberating this case in the jury room.

The instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.

[8th Cir model 3.01 (2022) – Additional Instructions, modified to comport with Judge Gerrard's usual instructions]

## INSTRUCTION NO. 6

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; and any facts that have been stipulated, that is, formally agreed to by the parties. Certain things are not evidence. I will list those things for you now:

1.    Statements, arguments, questions and comments by lawyers are not evidence.

2.    Objections are not evidence. Parties have a right - and sometimes a duty - to object when they believe something is improper under court rules. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and not try to guess what the answer might have been.

3.    Testimony that I struck from the record, or told you to disregard, isn't evidence and must not be considered.

4.    Anything you see or hear about this case outside the courtroom is not evidence.

5.    Exhibits that are identified by a party but not received in  evidence are not evidence.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

[8th Cir. Model (2022) - 1.04 EXPLANATORY:  EVIDENCE; LIMITATIONS, as modified]

- 11 -

**INSTRUCTION NO. 7**

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.]

[8th Cir model 3.02 (2022) – Judge's Opinion]

**INSTRUCTION NO. 8**

The parties have stipulated—that is, they have agreed—the following facts are true. You must, therefore, treat these facts as having been proved.

1. For purposes of this lawsuit, Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively, "Werner") are treated as a single employer.

2. Werner Enterprises, Inc. is a motor carrier engaged in transporting truckload shipments of commodities in interstate and intrastate commerce throughout the United States.

3. Victor Robinson is deaf and was deaf at the time he applied to Werner.

4. Victor Robinson applied to work at Werner in January 2016.

5. Werner did not hire Mr. Robinson.

6. When Mr. Robinson applied to Werner in January, 2016, he had no previous over-the-road driving experience.

7. Mr. Robinson had a disability as that term is defined in the Americans with Disabilities Act at the time that he applied to Werner.

8. The Federal Motor Carrier Safety Administration (FMCSA) is an agency in the United States Department of Transportation that regulates the trucking industry in the United States.

9. The only function that Werner claims Mr. Robinson could not perform, with or without accommodation, at the time he applied to Werner is the trainer-observed over-the-road component of its student driver program (now known as the "placement driver program"), where a trainer rides along with a placement driver for observation and training.

[8th Cir. Model (2022) -2.03 EXPLANATORY: STIPULATED FACTS, as modified for this case]

**INSTRUCTION NO. 9**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Some testimony was presented to you in the form of depositions, that is, answers that the witnesses made under oath to questions asked by the lawyers before trial. You should consider that testimony, and judge its credibility, as you would that of any witness who testified here in person. And for depositions that were not recorded, you should not place any significance on the manner or tone of voice that was used to read the witnesses' answers to you.

Similarly, you must evaluate interpreted witness testimony as you would any other testimony, and give it the same weight you would have had the witness spoken English. You must not assume that a witness is more credible, or less credible, because that witness relies on the assistance of an interpreter to communicate.

Some witnesses, because of education or experience, are permitted to state opinions, and the reasons for those opinions, about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves,

- 14 -

- 15 -

considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

[8th Cir Model (2022), 3.03 - CREDIBILITY OF WITNESSES] ; [8th Cir Model (2022), 2.14 – DEPOSITION EVIDENCE];   [8th Cir Model 2022,  3.05 - EXPERT OPINION]; [Case No. 18-cv-329, Filing 341, Instruction #6].

## INSTRUCTION NO. 10

A corporation like Werner Enterprises can act only through its employees. A corporation is bound by the knowledge possessed by its employees. It is also bound by acts or omissions of its employees that are within the scope of their employment.

The fact that one party is a corporation and the other is a government agency must not influence your deliberations or your verdict. All the parties are equal before the law, and should be treated as equals, no better and no worse.

[NJI2d Civ. 223, as modified] [Case No. 18-cv-329, Filing 341, Instruction #7, as modified].

**INSTRUCTION NO. 11**

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case, so put it out of your mind.

[8th Cir Model 2022 – 3.04, Burden of Proof in an Ordinary Civil Case]

**INSTRUCTION NO. 12**

As a motor carrier engaged in transporting truckload shipments of commodities in interstate and intrastate commerce throughout the United States, Werner is required to comply with Federal Motor Carrier Safety Regulations (the "FMCSRs") promulgated by the United States Department of Transportation's Federal Motor Carrier Safety Administration. Those regulations establish minimum qualifications for drivers of commercial motor vehicles and minimum safety standards for interstate motor carriers, such as Werner, that employ over-the-road truck drivers.

Among other things, the FMCSRs establish certain physical qualifications for drivers of commercial motor vehicles, and a motor carrier must ensure that all drivers for commercial driving positions meet all physical qualifications set forth in the FMCSRs, including a Hearing Standard. Under the Hearing Standard, a person is physically qualified to drive a commercial motor vehicle if that person first perceives a forced whispered voice in the better ear at not less than 5 feet with or without the use of a hearing aid or, if tested by use of an audiometric device, does not have an average hearing loss in the better ear greater than 40 decibels at 500 Hz, 1,000 Hz, and 2,000 Hz with or without a hearing aid when the audiometric device is calibrated to American National Standard (formerly ASA Standard) Z24.5-1951. 49 C.F.R. § 391.41(b)(11); 35 FR 6458, 6463 (April 22, 1970); 36 FR 12857 (July 3, 1971).

Although the FMCSRs contain the Hearing Standard, in 2013 the FMCSA created a process by which certain individuals may apply for an exemption that exempts the driver from the Hearing Standard. 49 C.F.R. § 391.41(a)(3)(ii); 78 FR 7479 (Feb. 1, 2013). If a driver obtains an Exemption from the Hearing Standard, the Exemption must be carried by the driver at all times while driving and the motor carrier must maintain a copy of the Exemption in the employee's driver qualification file.

The FMCSRs set the minimum standards with which all subject motor carriers must comply. However, the FMCSRs specifically authorize a motor carrier to impose and

- 18 -

- 19 -

enforce more stringent requirements relating to safety of operation and employee safety and health.


[49 C.F.R. Parts 390, 391, 392, and 395; 49 C.F.R. § 391.41(b)(11); 49 C.F.R. § 391.41 (a)(3)(ii); 78 FR 7479 (Feb. 1, 2013); *See* 49 C.F.R. § 391.51(b)(6); 49 C.F.R. § 381.330; 49 C.F.R. § 390.3(d).]

**INSTRUCTION NO. 13**

A.    **Issues**

Plaintiff EEOC contends Werner Enterprises discriminated against Victor Robinson by failing to hire him because of his disability. Werner contends that Mr. Robinson wasn't qualified to perform the job of a placement driver, because he couldn't safely perform the trainer-observed over-the-road component of its placement driver program and there was no reasonable accommodation that would enable him to do so. Werner contends safe and successful completion of the Placement Driver Program is an essential function of a driver position for any driver who does not have requisite prior experience, and safe and successful completion of the Placement Driver Program requires a trainee to safely engage in instantaneous communication with the driver-trainer during over-the-road training, while driving, without diverting eyes or attention from the road.

B.    **Elements of Claim**

Before Plaintiff EEOC can recover against Werner on its failure-to-hire claim, Plaintiff EEOC must prove, by the greater weight of the evidence, each and all of the following:

1.    Werner did not hire Victor Robinson as an inexperienced driver in its Placement Driver Program;

2.    As of the date Werner decided not to hire him, Victor Robinson was qualified for the position because he could have safely performed all of the essential functions as a driver in the Placement Driver Program at the time Werner did not hire him, including safely engaging in instantaneous communication with his driver-trainer while driving during over-the-road training; and

3.    Werner knew Victor Robinson was deaf and would have hired Robinson for the Placement Driver Program but for his deafness.

C.    **Principles of Law**

*Qualified, defined*

Under the ADA, a person is "qualified" if he had the skill, experience, education, and other requirements for the job and could safely perform the job's essential functions, either with or without a reasonable accommodation.

- 20 -

***Essential Functions, defined***

The term "essential functions" means the fundamental job duties of the employment position for which a person has applied. Not all job duties are essential. In determining whether a duty is essential, you should consider:

- The employer's judgment as to which functions of the job are essential;

- Written job descriptions;

- The consequences of not requiring the person to perform the function;

- The amount of time spent on the job performing the function in question;

- The work experience of persons who have held the job;

- Whether the reason the position exists is to perform the function

- The current work experience of persons in similar jobs; and

- Whether the function is highly specialized and the individual in the position was hired for his expertise or ability to perform the function.

No one factor is necessarily controlling, and you should consider all of the evidence in deciding whether a duty is essential.

***Reasonable Accommodation, defined***

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability safely perform the essential functions of the job as safely as a person without a disability. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce. Reasonable accommodations may include: making existing facilities used by employees readily accessible to and usable by individuals with disabilities; acquiring or modifying equipment or devices; appropriate adjustment or modification of examinations, training materials or policies; providing qualified readers or interpreters; and other similar accommodations. Lowering or changing a company standard because an employee cannot meet it due to a disability is not considered a reasonable accommodation, and an accommodation isn't reasonable if it requires an employer to reallocate or eliminate the essential functions of a job.

- 21 -

### *Business Judgment*

You may not return a verdict for Plaintiff EEOC just because you might disagree with Werner's decision, or believe it to have been harsh, without good reason, or due to honest mistake. An employer has the right to make its own subjective personnel decisions on any basis, good or bad, so long as it is not discriminatory.

### D.     **Effect of Findings**

If Plaintiff EEOC has not met its burden of proof on its claim, then your verdict must be for Werner Enterprises.

On the other hand, if Plaintiff EEOC has met its burden of proof, then you must consider Werner's affirmative defense of "business necessity," as explained in Instruction # 14.

[8th Cir Model 2022, 9.40 FAILURE TO HIRE, as modified, to include definition of essential function from 8th Cir. Model (2022), 9.21, as permitted by Note 5; as modified to include the "but-for" standard, contemplated in Note 8 and by *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 757, n. 6 (8th Cir. 2016) and *Canning v. Creighton University*, 995 F.3d 603, 610 (8th Cir. 2021) (agreeing with the district court that "ADEA, ADA and NFEPA [Nebraska Fair Employment Practices Act] claims for age and disability discrimination 'share a common analysis,' all requiring but-for causation" but affirming summary judgment for the defendant on the ground that the plaintiff failed to show that the defendant regarded her as disabled when it terminated her); *see also Natofsky v. City of N.Y.*, 921 F.3d 337, 348 (2d Cir. 2019) (citing *Gentry v. E. W. Partners Club Mgmt. Co. Inc.*, 816 F.3d 228, 235-36 (4th Cir. 2016); *Lewis*, 681 F.3d at 321; *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 963-64 (7th Cir. 2010)) ("We, therefore, join the conclusion reached by the Fourth, Sixth, and Seventh Circuits that the ADA requires a plaintiff alleging a claim of employment discrimination to prove that discrimination was the but-for cause of any adverse employment action."); *Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019) ("We join our sister circuits in holding that ADA discrimination claims under Title I must be evaluated under a but-for causation standard."); 8th Cir. Model (2022) 6.40, as modified, as to but for element]; [Case No. 18-cv-329, Filing 341, Instruction #9; Filing 265, Memorandum and Order, p. 9 (citing *Higgins v. Union Pac. R.R.*

- 23 -

*Co.*, 931 F.3d 664, 671 (8th Cir. 2019)); 29 C.F.R. pt. 1630 app. - 1630.2(n) (2007); EEOC Technical Assistance Document, EEOC-NVTA-2008-3, Applying Performance and Conduct Standards to Employees with Disabilities at Part III.A (2008)].

**INSTRUCTION NO. 14**

A.    **Issues**

Werner contends that its failure to hire Mr. Robinson as an interstate truck driver was justified by business necessity—specifically that in 2016, as a policy, Werner required, as a matter of course, drivers with less than 6 months' experience to engage in instantaneous two-way communication as part of the trainer-observed over-the-road component of its placement driver program.

B.    **Elements of Defense**

If you find that in January and February of 2016, after Mr. Robinson applied to Werner, Werner's policy had the effect of denying a job to Mr. Robinson, then Werner must prove, by the greater weight of the evidence, each and all of the following:

1.    Werner's policy was uniformly applied;

2.    Was job-related;

3.    Was consistent with business necessity; and

4.    Could not have been safely met by Mr. Robinson even with a reasonable accommodation.

C.    **Principles of Law**

To show that a policy is "job-related," an employer must demonstrate that the policy fairly and accurately measures an applicant's actual ability to perform the essential functions of the job and is sufficiently related to safe and efficient job performance.

In evaluating whether the risks addressed by a policy constitute a "business necessity," you should consider the magnitude of the possible harm as well as the possibility of that harm occurring.

D.    **Effect of Findings**

If you find that Werner met its burden of proof on its affirmative defense, then your verdict must be for Werner Enterprises. If, on the other hand, Werner has not met its burden of proof, and Plaintiff EEOC met its burden of proof on the failure-to-hire claim as explained in Instruction #13, then you must determine the amount of damages for that claim.

[Case No. 18-cv-329, Filing 341, Instruction #10]; [42 U.S.C. § 12113(a)]; [29 CFR 1630.15]

- 24 -

**INSTRUCTION NO. 15**

If you find for Plaintiff EEOC on its failure-to-hire claim under Instruction #13, and you find against Werner on its affirmative defense under Instruction #14, then you must award Mr. Robinson such sum as you find will fairly and justly compensate him for the damages you find he sustained as a direct result of Werner's failure to hire him.

*First*, you must determine the amount of any wages and fringe benefits Mr. Robinson would have earned in his employment with Werner if he had been hired through the date of your verdict, minus the amount of earnings and benefits that Mr. Robinson received from other employment during that time.

*Second*, you must determine the amount of any other damages Mr. Robinson sustained, such as in the form of emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that Mr. Robinson has a duty under the law to "mitigate" his damages — that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if it has been proved that Mr. Robinson failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

[8th Circuit model (2022) - 9.70 – modified for the reason that back pay under the ADA is an equitable award to be determined by the Court. *See Quiles v. Union Pac. R.R. Co.*, No. 8:16CV330, 2019 U.S. Dist. LEXIS 224438, at *6 (D. Neb. July 10, 2019); 42 U.S.C. § 1981a(b)(2); *see also White v. Oxarc, Inc.*, No. 1:19-cv-00485-CWD, 2021 U.S. Dist. LEXIS 177267, at *14 (D. Idaho Sep. 16, 2021); *Arroyo v. Volvo Grp. N. Am., LLC*, No. 12-cv-6859, 2017 U.S. Dist. LEXIS 108507, at *6 (N.D. Ill. July 13, 2017).]; [Case No. 18-cv-329, Filing 341, at Instruction #11].

- 25 -

- 26 -

**INSTRUCTION NO. 16**

The law forbids you to return a verdict determined by chance. You may not, for instance, agree in advance that each juror will state an amount to be awarded in damages, that all of those amounts will be added together, that the total will be divided by the number of jurors, and that the result will be returned as the jury's verdict. A verdict determined by chance is invalid.

[NJI2d 4.02; Case No. 18-cv-329, Filing 341, Instruction #13].

**INSTRUCTION NO. 17**

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because your verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone, including me, how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether for Plaintiff EEOC or Werner, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you have agreed on the verdict, your foreperson will fill in each page of the form, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom. If you do not agree upon a verdict by 5:00 p.m. on any given day, you may separate and return for deliberation at 8:30 a.m. on the next business day. If you desire to deliberate after 5:00 p.m., you may do so but please notify the courtroom deputy if that is your intention.

- 28 -

Please be admonished that if you separate at any time during your deliberations, you are, during such separation, not to talk to anyone about this case or to talk among yourselves about this case. All your deliberations should be conducted as a group in the confines of the jury room. Please also remember and follow all of the other admonitions I have given you throughout this trial for your conduct during recesses. All such instructions also continue to apply during any separations which may occur after you commence deliberations.

[8th Cir. Model (2022) – 3.07, as modified]