IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br><br>      vs.<br><br>DRIVERS MANAGEMENT, LLC and WERNER ENTERPRISES, INC.,<br><br>              Defendants. | 8:18-CV-00462 |

### BRIEF IN SUPPORT OF PLAINTIFF'S
### MOTION FOR JUDGMENT AS A MATTER OF LAW

The EEOC moves, pursuant to Rule 50 of the Federal Rules of Civil Procedure, for judgment as a matter of law on the causation element of its failure to hire claim – specifically, that Werner would not have failed to hire Victor Robinson but for his deafness or his need for a reasonable accommodation for his deafness.[1] 42 U.S.C. § 12112(a) and (b)(5).

A court may grant judgment as a matter of law to a party on any element of a claim or defense "when the evidence favoring the claimant is so one-sided as to be of overwhelming effect." *EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1250 (11th Cir. 1997). In ruling on a motion for judgment as a matter of law, the Court must determine whether reasonable minds could differ regarding the issue at hand and that there is insufficient evidence for permitting any different finding. *Michigan Millers Mut. Ins. Co. v. Asoyia, Inc.*, 793 F.3d 872, (8th Cir. 2015) (citations omitted); *Bio-Rad Laboratories, Inc. v. 10X Genomics Inc.*, 967

---

[1] The EEOC does not concede that "but for" is the proper causation standard. Rather, the agency simply points out that under any possible causation standard, there is no dispute that Werner refused to hire Mr. Robinson because he was deaf.

F.3d 1353, 1363 (3rd Cir. 2020); *see also Grey v. First Nat'l Bank in Dallas*, 393 F.2d 371, 379 (5th Cir.), cert. denied, 393 U.S. 961 (1968) (court may grant judgment as a matter of law "where the evidence is such that there can be but one reasonable conclusion as to the verdict to be returned"); 9A C. Wright & A. Miller, Federal Practice and Procedure, § 2535, at 325-29 (1995).

In this case, the undisputed evidence presented by the EEOC during trial, including admissions made by Werner, overwhelmingly establishes that but for Mr. Robinson's deafness or his need for a reasonable accommodation, Werner would not have failed to hire him. Werner admitted during its opening statement that the "sole issue" in this matter – that the sole reason for why it refused to hire Mr. Robinson – is that because Mr. Robinson is deaf, it could not train him. Werner stated that Jamie Hamm made this decision – that she alone made this decision – not to hire Mr. Robinson because the company could not train him because he is deaf. Mr. Robinson's testimony was consistent with Werner's admissions. Regardless of whether Ms. Maus Hamm's exact words were "we can't hire you because you can't hear", as Mr. Robinson understood it, or "we can't train you because you can't hear", the causal effect was the same – Werner refused to hire Mr. Robinson because he is deaf or because he would need reasonable accommodation to complete Werner's training program. Erin Marsh, Werner's recruiting manager, also testified consistently with these statements, admitting that Werner's concerns regarding its ability to safely train Mr. Robinson were directly related to his deafness. The Court also accepted into evidence Exhibits 60 and 66, in which Werner admitted that concerns regarding its ability to safely train Mr. Robinson were directly related to his deafness.

In light of the undisputed testimony and Werner's admissions, no reasonable jury could find that Werner's failure to hire Mr. Robinson was unrelated to his deafness or his need for

accommodation, and giving this issue to the jury to decide risks error. In addition to causation, Werner also challenges whether Mr. Robinson was qualified to perform the essential functions of the job – a separate element of the EEOC's failure to hire claim – and the EEOC does not ask the Court to enter judgment as a matter of law on that issue. Werner's arguments about the reasonableness and effectiveness of various accommodations are relevant to that qualification issue, but they are not relevant to the issue of causation – whether Mr. Robinson's deafness (or his need for an accommodation) was the "but for" reason for its decision not to hire him.

      Thus, for the reasons stated, the EEOC moves for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure and hold that the EEOC has established that Werner would not have failed to hire Victor Robinson but for his deafness or his need for a reasonable accommodation for his deafness.

Respectfully submitted,

*/s/ Meredith S. Berwick*
Meredith Berwick, MO Bar No. 64389
Equal Employment Opportunity Commission
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
Phone: 314-798-1909
Fax: 314-539-7895
meredith.berwick@eeoc.gov

Joshua M. Pierson, KS Bar No. 29095
Lauren M. Wilson, FL Bar No. 1024850
Equal Employment Opportunity Commission
400 State Avenue, Suite 905
Kansas City, Kansas 66101
Phone: (913) 359-1807
Facsimile: (913) 551-6957
joshua.pierson@eeoc.gov
lauren.wilson@eeoc.gov

*Attorneys for Plaintiff EEOC*

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 30, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record, and I served a hard copy on counsel for Defendant and provided a courtesy copy to the Court.

                                                    */s/ Meredith S. Berwick*