IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DRIVERS MANAGEMENT, LLC AND WERNER ENTERPRISES, INC., <br><br> Defendants. | CASE NO.: 8:18cv462 <br><br><br><br> **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR JUDGMENT AS A MATTER OF LAW** |

## I.     Introduction

Plaintiff's Partial Motion for Judgment as a Matter of Law asks the Court to relieve Plaintiff of its burden of proving that but-for his disability, Mr. Robinson would have been hired by Werner. Because it is Plaintiff's burden to prove causation and because the jury could find in Werner's favor on this element of proof based on the evidence at trial, the Court should deny Plaintiff's Motion for Judgment as a Matter of Law and require Plaintiff to prove each element of its claim, including causation.

## II.    Applicable Legal Standard

Under Rule 50, if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50.

1

As an initial matter, Werner has not been fully heard on any issue during this jury trial because it has not yet introduced all of its evidence. Although Plaintiff argues "the undisputed evidence presented by the EEOC during trial" warrants partial judgment as a matter of law on the element of causation, Plaintiff's Motion was filed at the conclusion of Plaintiff's case in chief, ***before*** Werner had the opportunity to present its evidence. The Court must consider all evidence in ruling on Plaintiff's Motion and should reject Plaintiff's invitation to make a premature determination and to ignore evidence unfavorable to Plaintiff's position. Moreover, as detailed below, the evidence does not warrant a finding in Plaintiff's favor on causation as a matter of law because there is evidence from which the jury could conclude Werner's failure to hire Robinson was not on the basis of his disability.

**III.   Plaintiff's Motion should be denied because causation has not been established.**

**A. There is sufficient evidence from which a jury could determine Werner's decision not to hire Robinson was due to Robinson's inability to safely perform the job and not due to Robinson's deafness.**

Causation is an essential element of Plaintiff's claim, and Plaintiff has the burden of proving that but-for Robinson's disability, Werner would have hired Robinson. (*See*, *e.g.*, Filing 341 in Case No. 18-cv-329, Final Jury Instructions, at Instruction No. 9, #3).

Plaintiff is just wrong in arguing "there is no dispute that Werner refused to hire Mr. Robinson because he was deaf." The testimony of Werner's employees supports a finding that Werner's decision was not on the basis of Plaintiff's disability or due to the need for an accommodation. To the contrary, Werner has hired individuals with disabilities and has provided accommodations to individuals in its placement driver program. Here, Werner's decision was based on its inability to identify any accommodation that would enable Robinson to safely engage in two-way communications with his trainer while engaged in over the road training and Werner's legitimate safety concerns about the potentially catastrophic results of distracted driving by a new and inexperienced commercial driver. Werner determined Robinson simply was not able to safely complete the placement driver program.

These facts do not mandate a conclusion that Werner "refused to hire Mr. Robinson because he was deaf," as Plaintiff incorrectly argues. By Plaintiff's logic, any time an employer attempts to accommodate an employee but determines it is not able to do so, causation is automatically established. This leap of logic is contrary to well-settled case law under the ADA, which requires a plaintiff to establish an adverse action was taken ***on the basis of*** a disability, and not merely for a reason that is a consequence of a disability. *See Matthews v. Commonwealth Edison Co.*, 128 F.3d 1194, 1196 (7th Cir. 1997) ("The employer who fires a worker because the worker is a diabetic violates the Act; but if he fires him because he is unable to do his job, there is no violation, even though the diabetes is the cause of the worker's inability to do his job."); *Wells v. Helen*, No. 1:18-CV-74, 2019 U.S. Dist. LEXIS 248220, at *24 (E.D. Tex. May 2, 2019) (internal citations omitted) ("The ADA does not prohibit adverse action due to a consequence of a disability, such as being unable to report to work regularly or to perform essential job duties…"); *Van Gorp v. Eli Lily & Co.*, No. 1:22-cv-01650-TWP-MKK, 2023 U.S. Dist. LEXIS 148927, at *10 (S.D. Ind. Aug. 24, 2023) (agreeing that terminations of employees "because they were unvaccinated" were not discriminatory "even though [the employees'] refusal to be vaccinated was a consequence of their disability"). Consistent with the logic of those cases, Werner's refusal to hire Robinson because Werner determined he was unable to safely perform required aspects of the job is *not* the same as a refusal to hire Robinson because he is deaf, even if Robinson's inability to safely perform the job is a consequence of his deafness. *See id.*

The law requires Plaintiff to meet a but-for standard of causation. Plaintiff argues "no reasonable jury could find Werner's failure to hire Mr. Robinson **was unrelated to** his deafness or his need for accommodation," but this is not the standard for causation. (*Compare* Plaintiff's Brief, p. 2-3 *with* Filing 341 in Case No. 18-cv-329, Final Jury Instructions, at Instruction No. 9, #3) (emphasis added). "Even if the individual is qualified, if his employer [takes adverse action] for any reason other than that he is disabled, there is no discrimination," and "[t]his is true even if the reason is the consequence of the disability." *Matthews v. Commonwealth Edison Co.*, 128 F.3d 1194, 1196 (7th Cir. 1997). Accordingly, the fact Werner declined to hire Robinson after concluding there were no reasonable accommodations that would enable him to safely complete the placement

3

driver program is not the same as refusing to hire Robinson "because of a disability" or "because of a need for accommodation," as Plaintiff incorrectly argues. Plaintiff's Motion should be denied.

### B. Plaintiff's Motion should also be denied because causation has not been established for the over-the-road driver position.

Plaintiff's Motion should also be denied because the jury could find Werner declined to hire Robinson because he lacked requisite experience for an over-the-road driver position. As this Court previously recognized, "the issue here isn't whether . . . Robinson could have been [a] safe truck drive[r]. Rather, **Werner's argument is focused on the ability to complete its training program,** *which is why 'Placement Driver' is the relevant position here*." (Filing 265, Memorandum & Order, p. 8 n.5 (emphasis added); *see also id.* at p. 10 ("Werner's argument depends on its training program, not the driver's eventual job.")). Consistent with the Court's ruling, Werner asks the Court to instruct the jury that Plaintiff must prove Werner would have hired Robinson **for the Placement Driver Program** but for Robinson's deafness. (*See id.*; Filing No. 295, Defendant's Proposed Jury Instructions, Instruction No. 13 (emphasis added)).

Notwithstanding the Court's findings in this regard, Plaintiff EEOC **opposes** the use of the term "Placement Driver" in the Court's Jury Instructions and asks the Court to instruct the jury that Robinson was capable of performing all essential functions of an unspecified position or a generic "truck driver" position. (*See* Filing 299, Plaintiff's Proposed Jury Instructions, at Instruction Nos. 5, 22). However, Plaintiff has not established that Werner failed to hire Robinson for an unspecified or general over-the-road driving position due to his disability. To the contrary, the undisputed evidence is that Robinson would not have been eligible for any position other than Placement Driver when he applied to Werner because, at that time, Werner required all drivers with less than 6 months experience to complete the Placement Driver Program before they could drive solo for Werner. Accordingly, if the Court instructs the jury to evaluate whether Robinson could perform all essential functions of a generic truck driver position, the jury could conclude Werner declined to hire him for that position because he had no prior over the road driving experience, and not on the basis of his disability. Specifically, the stipulated facts and evidence at trial has shown or will show:

4

- When Robinson applied to Werner in January 2016, he had no previous over-the-road driving experience. (Filing No. 286, Order on Final Pretrial Conference, ¶B, No. 8).

- In 2016, when Robinson applied to work at Werner, all drivers with less than six months of driving experience were required to complete Werner's placement driver program.

- By contrast, drivers with at least six months of experience were not required to complete the placement driver program and could instead be hired as solo qualified over-the-road drivers (i.e., "experienced drivers").

- Because Robinson had less than six months of driving experience at the time he applied to Werner, he was not eligible for an experienced driver position and would have been required to complete Werner's placement driver program before he could drive solo for Werner.

- Werner has hired deaf drivers with at least six months of experience as experienced over-the-road drivers.

If, as the EEOC insists, the jury is instructed to determine Plaintiff's claims with respect to an unspecified driver role other than **Placement Driver**, the EEOC must establish causation with respect to that *different* role. Although Werner does not dispute that an experienced deaf driver could theoretically perform the essential functions of the over-the-road truck driver position, Werner did not consider Robinson for any position other than Placement Driver because he **lacked the requisite experience**. Werner has hired deaf drivers with at least six months of experience for the over-the-road driver position. However, in 2016, when Robinson applied, Werner required *all* drivers to have at least six months of over the road driving experience with a reputable carrier before they could bypass the placement driver program and be hired as an over-the-road solo driver (i.e., an "experienced driver"). Robinson did not have any professional driving experience when he applied to Werner, so he was not considered for anything other than Placement Driver. If – as Plaintiff EEOC has proposed – the Court instructs the jury to determine whether Mr. Robinson could perform the essential functions of a generic "truck driver" position, the jury could reasonably conclude Werner did not hire Robinson for the over-the-road driver role because he lacked the requisite experience for that position.

Stated differently, Plaintiff's Partial Motion for Judgment as a Matter of Law on the issue of causation asks the Court to take Werner's arguments about its decision not to hire Robinson *for the placement driver program* out of context and make a holding as a matter of law about causation with respect to an entirely different position of over-the-road driver. If, as the EEOC requests, the Court instructs the jury as to the "over-the-road truck driver position" or any position other than Placement Driver, Robinson's inexperience at the time he applied for the role, coupled with evidence about Werner's experience requirements and hiring of other deaf drivers who did have over the road driving experience, provides sufficient evidence from which the jury could find in favor of Werner on the issue of causation. Accordingly, Plaintiff's Motion for Judgment as a Matter of Law should be denied.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Judgment as a Matter of Law should be denied and the jury should be instructed that, to prevail on its discrimination claims, Plaintiff must establish Werner would have hired Robinson but-for his disability.

DATED this 31st day of August, 2023.

DRIVERS MANAGEMENT, LLC and
WERNER ENTERPRISES, INC.

Defendants.

BY: */s/ Elizabeth A. Culhane*
Patrick J. Barrett, #17246
Elizabeth A. Culhane, #23632
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
pbarrett@fraserstryker.com
eculhane@fraserstryker.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit in NECIVR 7.1 because it contains 2,102 words and the word-count function of Microsoft Word was applied to include all text.

*/s/ Elizabeth A. Culhane*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was electronically filed, using the CM/ECF system, on August 31, 2023, which sent notification of all parties' counsel of record.

*/s/ Elizabeth A. Culhane*

3056632v3