IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DRIVERS MANAGEMENT, LLC, and WERNER ENTERPRISES, INC.<br><br>Defendants. | 8:18-CV-462<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on a motion for a partial directed verdict from the plaintiff, the Equal Employment Opportunity Commission (EEOC), under Fed. R. Civ. P. Rule 50(a)(2). Filing 313. The plaintiff has requested a directed verdict on the issue of causation for its claims of failure to hire and failure to accommodate. The plaintiff asserts that the defendants, Drivers Management, LLC, and Werner Enterprises, Inc. (collectively "Werner"), have admitted that they did not hire Victor Robinson because he was deaf.

The parties have stipulated that Robinson had a disability as that term is defined in the Americans with Disabilities Act when he applied to Werner, and Werner knew that Robinson had a disability. Filing 286 at 2. Werner did not hire Victor Robinson as an over-the-road truck driver. Filing 286 at 2. "The only function Werner claims Victor Robinson could not perform, with or without accommodation, is the trainer-observed over-the-road component of its student driver program." Filing 286 at 2.

To succeed on its failure to hire claim, the plaintiff must prove: (1) Robinson was a qualified individual—that is, he could perform the essential

functions of the job with or without a reasonable accommodation, (2) Werner refused to hire Robinson, and (3) Werner would have hired Mr. Robinson but for his deafness.[1] See *Higgins v. Union Pac. R.R. Co.,* 931 F.3d 664, 669 (8th Cir. 2019). And to succeed on its claim of failure to accommodate, the plaintiff must show: (1) Mr. Robinson could have performed the essential functions of the job if he had been provided with an accommodation, (2) providing an accommodation would have been reasonable, (3) Werner failed to provide an accommodation, and (4) Werner would have hired Mr. Robinson but for his need for an accommodation. See *Hopman v. Union Pac. R.R.,* 68 F.4th 394, 402 (8th Cir. 2023).

Werner's position throughout this case has been that it did not hire Robinson because it did not believe he was qualified. Werner's position is that Robinson was unqualified because he was an inexperienced truck driver who could not engage in an asserted essential function of the over-the-road truck driver job, and no reasonable accommodation would have enabled him to safely do so. The essential function at issue is the trainer-observed over-the-road component of the student driver program, now known as the placement driver program. Filing 286 at 2.

Werner argues that it "determined [Robinson] was unable to safely perform required aspects of the job." Filing 315 at 3. It is true, as Werner argues, that the ADA "does not prohibit adverse action due to a consequence of a disability, such as being unable . . . to perform essential job duties." *Id*.

---

[1] The Eighth Circuit has declined to address what standard of causation applies in ADA discrimination cases – "but for" or "motivating factor." *See Anderson v. KAR Global,* no. 22-2808, 2023 WL 5493754, at *5 n.1 (8th Cir. Aug. 25, 2023). The EEOC does not concede that "but for" is the proper causation standard, but it contends that even the higher standard is satisfied here. Filing 313 at 1 n.1.

(quoting *Wells v. Helena Lab. Corp.,* no. 1:18-cv-74, 2019 WL 13252673, at *24 (E.D. Tex. May 2, 2019)). But whether Robinson was able to safely perform the essential functions of the job is a different element of the plaintiff's prima facie case, not a theory that defeats the plaintiff's causation requirement. *See Davidson v. Am. Online Inc.,* 337 F.3d 1179, 1189 (10th Cir. 2003). Rather than disproving causation, Werner's evidence and arguments raise a contestable issue of fact that Robinson was qualified to do the over-the-road truck driver job for which he applied.

Werner has provided no alternate theory of causation. Werner does not argue that it did not hire Robinson because he did not provide the proper paperwork (e.g., case no. 8:18-cv-329), because of any poor performance (e.g., *Anderson,* 2023 WL 5493754, at *4; *Wells,* 2019 WL 13252673, at *24), or because of a violation of company policies (e.g., *Hamilton v. Sw. Bell Tel. Co.,* 136 F.3d 1047, 1052 (5th Cir. 1998)). *See* filing 315 at 2-3.

Causation is not at issue based on

- Werner's answer to Interrogatory #48 in plaintiff's exhibit 66; Rich Johnson's testimony that he knew Werner would not hire an inexperienced deaf driver who had to go through Werner's over-the-road training program;
- Erin Marsh's testimony that there were no issues with Robinson's criminal background check, employment history, medical history, accident history, or motor vehicle history report;
- William Adams' expert opinion that it is unsafe to communicate with deaf drivers in a trainer-observed over-the-road setting; and

- Jamie Hamm's determination that Werner could not safely train Robinson because he would have to take his eyes off the road to communicate with a trainer due to his deafness.

In other words, the uncontradicted evidence indicates that Werner determined that it could not safely train Robinson because of his deafness.

Werner claims that it failed to hire Robinson because he could not communicate with a trainer without diverting his eyes from the road—but he couldn't do that *because he is deaf*. He could not engage in instantaneous communication without the use of hand signals or other accommodations, but that's *because he is deaf*. Werner argues it did not hire him because it did not believe it could safely train him . . . again, *because he is deaf*. All of Werner's explanations are premised on Robinson's deafness, so his disability is the but-for cause of Werner's hiring decision as a matter of law. *See, e.g., Davidson, 337 F.3d at 1189*. If the jury finds that the EEOC met its burden to show that Robinson was a qualified individual, the Court finds that Robinson's disability is the but-for cause of Werner's hiring decision as a matter of law. *See Davidson, 337 F.3d at 1189*; *Bostock v. Clayton Cnty, Ga., 140 S.Ct. 1731, 1742 (2020)*.

The issues in this case are (and always have been) whether the trainer-observed over-the-road training component of the placement driver program is an essential function, whether Robinson could perform that function, and whether any reasonable accommodation could have enabled him to perform that function. The jury will be instructed on these issues. The jury will also consider Werner's affirmative defense—whether its policy of not training deaf drivers by requiring instantaneous two-way communication as part of the trainer-observed over-the-road component of its placement driver program is job related and consistent with business necessity.

Werner's failure to hire Robinson—an action the parties stipulate to—is an adverse employment action. *Davidson,* 337 F.3d at 1189. So, the EEOC must prove its prima facie case, and, if it has, Werner must prove its affirmative defense. But if the plaintiff has proven that Robinson was able to perform the essential functions of the over-the-road truck driver job, with or without a reasonable accommodation, and Werner has not proven its affirmative defense, the Court finds as a matter of law that Mr. Robinson suffered an adverse employment action because of his disability. The issue of causation will not be submitted to the jury because no reasonable juror could find that Werner failed to hire Mr. Robinson for any reason other than his deafness.

The Court finds, as a matter of law, if the plaintiff proved the other elements of its prima facie case, Robinson suffered an adverse employment action because of his disability.[2] *E.g., EEOC v. Dolgencorp, LLC,* 899 F.3d 428, 436 (6th Cir. 2018). The issue of causation will not be submitted to the jury because no reasonable juror could find that Werner failed to hire Robinson for any reason other than his deafness, under either a "but-for" or a "motivating factor" standard. *E.g., Estate of Pepper v. Whitehead,* 780 F.3d 856, 861 (8th Cir. 2015). The remaining issues, i.e., whether Robinson could perform the essential functions of the job, whether any reasonable accommodation would have enabled him to do so, and whether Werner's decision was justified by business necessity, will be submitted to the jury. For these reasons,

---

[2] Both the plaintiff's failure-to-hire and failure-to-accommodate claims require proof that the employee suffered an adverse employment decision because of a disability. *Higgins,* 931 F.3d at 669; *Hopman,* 68 F.4th at 402. Because the Court has resolved these issues as a matter of law, the jury will not be instructed on this element of the plaintiff's claims.

IT IS ORDERED that the plaintiff's motion for a partial directed verdict is granted.

Dated this 31st day of August, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge