IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>vs.<br><br>DRIVERS MANAGEMENT, LLC,<br>and WERNER ENTERPRISES, INC.<br><br>            Defendants. | 8:18-CV-462<br><br>TENTATIVE FINDINGS |

      This matter is before the Court on anticipated evidentiary issues regarding the upcoming bench trial. The defendants, collectively "Werner," orally moved in limine to present evidence related to Victor Robinson's employment and personnel records. The Court previously excluded those records (during the jury trial) because they were only relevant to backpay, an issue not before the jury. *See* filing 303 at 6-7. The plaintiff seeks to exclude those records from the Court's consideration of backpay because Werner did not timely disclose them. *See* filing 290. And for its part, Werner additionally seeks to exclude the plaintiff's expert calculations for damages allegedly incurred after 2019 because the plaintiff did not disclose them.

      Rule 26(a)(1)(A) requires parties to disclose "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses," and to disclose "a computation of each category of damages claimed by the disclosing party." These disclosures must be supplemented "in a timely manner" if a party learns that the disclosure is incomplete or incorrect; *i.e.*, if the party obtains additional documents or amends its damages calculations. *See* Fed. R. Civ. P. 26(e). A party is not

allowed to use untimely disclosed evidence at trial unless the failure to timely disclose "was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see also* Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998).

The Court has wide discretion in creating a remedy for a party's failure to comply with Rule 26(a) and (e), and will consider the reasons for noncompliance, the surprise and prejudice to the opposing party, the extent to which the evidence would disrupt the order and efficiency of trial, and the importance of the evidence. Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). Excluding evidence "is a harsh penalty and should be used sparingly." *Id.* (quoting ELCA Enters. v. Sisco Equip. Rental & Sales, 53 F.3d 186, 190 (8th Cir. 1995)).

*Robinson Employment Records*

Werner identified employment records related to Robinson on July 27, 2023, roughly one month before the jury trial. The plaintiff had no record of receiving the documents, and Werner provided the documents to them at that point. *See* filing 290 at 1. Werner argues its failure to provide the documents earlier was a harmless oversight. *See* filing 307 at 4.

Considering the *Wegener* factors, Werner's failure to provide the documents is substantially justified and harmless. The Court believes Werner when it asserts its failure to timely disclose was a clerical oversight. The plaintiff cannot claim surprise or prejudice when it knew about Robinson's performance, and Werner simply has evidence of that performance. The evidence is relevant to the Court's determination of whether and in what amount Robinson is entitled to backpay, and it would not disrupt the bench trial to admit the employment records.

Accordingly, the Court tentatively intends to admit that evidence. But the Court will make a final ruling at trial.

*Expert Calculations After 2019*

Werner appears to assert that it *never* obtained the plaintiff's expert calculations for damages claimed after 2019. Filing 328 at 2. The expert's report contains backpay calculations through 2019, *see* filing 327-2, and the plaintiff has indicated its expert will "testify to an updated calculation through May 14, 2020," filing 327 at 3. It's not clear that a written record of these updated calculations exists. *See* filing 327 at 3.

It is the plaintiff's burden to show that its failure to supplement its expert calculations was either substantially justified or harmless. *Vanderberg v. Petco Animal Supp. Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018). That said, Werner has not proffered any theory, and the Court cannot envision one, which would show how the failure to disclose the updated calculations harmed Werner. Werner merely argues that the evidence should be excluded because the plaintiff didn't follow the rules. *See* filing 328 at 2. It's unclear how Werner would or could have prepared for the upcoming bench trial differently had an updated expert report been available. The plaintiff's expert will presumably employ the same methods of calculating damages as in the initially disclosed report, so any of Werner's issues with the expert's "faulty assumptions" will equally apply to the supplemental calculations. *See* filing 327 at 3; filing 327-2 at 2; filing 328 at 1. But the Court's final ruling will be made based on whether that presumption is borne out at trial.

> IT IS ORDERED: The Court will take the parties' motions under advisement and resolve them at trial.

Dated this 2nd day of October, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge