IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DRIVERS MANAGEMENT, LLC, and WERNER ENTERPRISES, INC.<br><br>Defendants. | 8:18-CV-462<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a motion to stay execution of the judgment from the defendants, Drivers Management, LLC, and Werner Enterprises (collectively, Werner). Filing 381. Judgment in this case was entered in favor of the plaintiff, the Equal Employment Opportunity Commission (EEOC) representing the interests of Victor Robinson, in the amount of $335,682.25, plus prejudgment interest and costs. *See* filing 377. Werner is also obligated, under an injunction imposed by this Court based on the jury's findings and 42 U.S.C. §§ 2000e-5(g) and 12117(a), to biannually report the status of particular job applicants to the EEOC. *See* filing 377. Werner seeks to stay enforcement of the injunction and the money judgment without a bond pursuant to Fed. R. Civ. P. 62.

I. MONEY JUDGMENT

Rule 62(a) recognizes a court's discretion to stay execution of judgment without the supersedeas bond requirement of Rule 62(b). Courts consider a variety of factors in determining whether to waive a bond, including:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Infogroup, Inc. v. DatabaseUSA.com LLC*, No. 8:14-cv-49, 2018 WL 6605868, at *1 (D. Neb. Dec. 17, 2018) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-5 (7th Cir. 1988)). Werner primarily relies on the third and fourth factors. It argues a bond would be a waste of money because all the parties agree that Werner is "one of the largest motor carriers in the country," and this Court should have no doubts that it can easily satisfy the judgment. *See* filing 382 at 3.

The Court agrees. Based on the evidence of Werner's net worth presented at trial (*see* filing 345 at 105, 117-118), there is no doubt that Werner will be able to satisfy the judgment at the close of the appeals process. Werner will not be required to post a bond, and the Court will, in its discretion, stay execution of the money judgment pending Werner's appeal. *See* Rule 62(b). If anything about Werner's financial situation changes during the pendency of the appeal, the EEOC is welcome to request a bond to secure its judgment.

## II. INJUNCTION

Under Rule 62(d), while an appeal is pending from a final judgment that grants an injunction, the Court may "suspend, modify, restore, or grant an

injunction on terms for bond or other terms that secure the opposing party's rights." Whether a stay is sought at the district court or at the appellate level, the factors a court must consider before staying an injunction are the same:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *see also Brady v. Nat'l Football League,* 640 F.3d 785, 789 (8th Cir. 2011). Such a stay is not a matter of right, even if irreparable injury might result. *Nken v. Holder,* 556 U.S. 418, 433 (2009). Rather, staying an injunction is an exercise of judicial discretion, dependent on the circumstances of the particular case. *Id.* The burden is on the applicant to show the circumstances justify the exercise of a stay. *Id.* at 433-34; *Brady,* 640 F.3d at 789.

1. LIKELIHOOD OF SUCCESS

The most important factor is the applicant's likelihood of success on appeal. *Brady,* 640 F.3d at 789. Werner argues it has demonstrated a "strong showing" that it is likely to prevail. Filing 382 at 5. Specifically, Werner argues that "reasonable minds," specifically those minds in the Eighth Circuit Court of Appeals, may disagree with this Court's characterization of the evidence of the causation of the EEOC's claim, and may disagree with the Court's interpretation of *Albertson's, Inc. v. Kirkingburg,* 527 U.S. 555, 570 (1999). The Court is unconvinced.

The Court granted the EEOC's motion for a partial directed verdict

3

based on the evidence adduced at trial, and it did not instruct the jury on causation. The uncontroverted evidence, including Werner's own admission (filing 345 at 21-22), indicated that Werner would not hire inexperienced deaf truck drivers because of their deafness. The uncontroverted evidence indicated that Werner categorically excluded deaf truck drivers with less than six months' experience from employment. This plainly satisfies the causation element of the EEOC's disability discrimination claims. *See Higgins v. Union Pac. R.R. Co.*, 931 F.3d 664, 669 (8th Cir. 2019); *Hopman v. Union Pac. R.R.*, 68 F.4th 394, 402 (8th Cir. 2023). Werner has failed to articulate how the evidence it presented at trial shows a likelihood that it will be successful on appeal on this issue.

Werner also argues that it will be successful on appeal because "reasonable minds could differ" regarding how to interpret *Kirkingburg. See* filing 382 at 7. Relying on that case, Werner argues that Robinson was not qualified for the job because he was not qualified under the relevant regulations promulgated by the Federal Motor Carrier Safety Administration. But in *Kirkingburg,* there was no codified regulation regarding a waiver to physical qualification standards, only an experimental program. 527 U.S. at 577. However, Robinson was qualified to work for Werner under 49 C.F.R. § 391.41(a)(3)(i)-(ii). *See id.* at 570 (job qualifications in the Federal Motor Carrier Safety Regulations have the force of law and are *binding* on employers). This Court does not consider it likely that the Eighth Circuit will ignore a federal regulation.

### 2. IRREPARABLE INJURY TO APPLICANT

The next factor to consider is whether the applicant will be irreparably injured absent a stay. *Brady,* 640 F.3d at 789. It is the applicant's burden to show that it will suffer irreparable injury without a stay. *Id.* Clear evidence of

4

irreparable injury may result in a less stringent requirement of certainty of victory. *Id.* (citing *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 388 (7th Cir. 1984)).

Werner claims that to comply with the injunction, it "must create new internal processes to identify, among the over 1,700 applications it receives weekly, whether a report needs to be made for each individual applicant, and, where a report is required, create a new internal recruiting process to track all necessary information for applicants who may require a report," and it must train their recruiters on the new process. Filing 382 at 8. According to Werner, it will incur unspecified "time and expenses" that can't be recovered, even if it prevails on appeal. *See id.*

Werner might not be able to recover the time and resources spent complying with the injunction. *See Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, No. 5:14-cv-5262, 2017 WL 11681769, at *1 (W.D. Ark. Aug. 31, 2017). But the Court is not convinced that the administrative burden will be as heavy as Werner claims. Werner has not provided any evidence regarding its current application process, nor has it submitted any proposed changes to comply with the injunction: The Court can't compare one process to the other to assess any administrative or financial costs.

Presumably, job applicants must provide their name, contact information, and their commercial driver's license; it doesn't seem overly cumbersome to also ask whether the applicant holds a hearing exemption at the outset of the application process. The Court is also not persuaded that those applicants wouldn't readily identify themselves, or wouldn't be readily identifiable after a phone call.[1]

---

[1] When Robinson spoke with Werner on the phone, he used a video relay service, which means he called through an interpreter that then called a Werner representative. Filing 344 at 116.

Werner has had since January to assess the costs associated with complying with the injunction, yet it makes only vague arguments about the administrative burden without any supporting evidence. Werner has not provided how much time and expense it anticipates it will incur if the injunction is not stayed. Based on the evidence presented at trial, Werner's recruiters, at some point, assess whether an applicant needs an accommodation for a hearing problem, a missing limb, or another reason. *See, e.g.*, filing 345 at 48. Werner has not sufficiently explained the significance of the costs to keep a record of that kind of information and report it to the EEOC.

### 3. INJURY TO OTHER PARTIES; PUBLIC INTEREST

Next, the Court must assess the harm to the nonmoving party and weigh the public interest. *See Brady*, 640 F.3d at 789. These factors merge when the government is the nonmoving party. *See Morehouse Enters., LLC v. ATF*, 78 F.4th 1011, 1018 (8th Cir. 2023) (citing *Nken*, 556 U.S. at 435). Werner argues that Victor Robinson won't be injured by staying the injunction, but that's only part of the analysis.

A jury determined that Werner intentionally engaged in disability discrimination, warranting equitable relief under the ADA. *See* §§ 2000e-5(g), 12117(a). The injunction was tailored to allow the EEOC to investigate any future similar discrimination. *See* filing 353 at 12; *EEOC v. HBE Corp.*, No. 4:93-cv-867, 1996 WL 901368, at *9 (E.D. Mo. Feb. 8, 1996), *rev'd in part on other grounds by* 135 F.3d 543 ("Injunctive relief is especially appropriate where the record does not demonstrate a cessation of the unlawful practices.").

---

Based on this involved interview process, it seems unlikely that Werner would not be able to identify deaf applicants and ask whether they have a hearing waiver, and record and report that information to the EEOC.

6

Throughout the litigation, Werner made clear that it believes it may discriminate against untrained truck drivers with a valid exemption to federal hearing requirements. The public interest in preventing unlawful disability discrimination would be harmed by staying the injunction.

Werner argues that a stay will not impact an individual's ability to self-report perceived instances of discrimination. Filing 382 at 9. But in fashioning the injunctive relief, the Court considered an individual's ability to report and concluded that, to ensure Werner's compliance with the law, the EEOC needed a streamlined and proactive way to counteract discrimination against qualified deaf truck drivers. *See* filing 353 at 12. The scope of the injunction is in line with other equitable relief afforded to protect the public interest when the EEOC proved intentional discrimination. *See HBE Corp.*, 135 F.3d at 558.

Werner argues it may suffer irreparable harm because it has to retrain its recruiters on how to process applicants with a hearing exemption. Filing 382 at 8. But that weighs in favor of *not* staying the injunction, because a jury determined Werner's policy regarding deaf applicants was unlawful. Werner's employees should be retrained, and that's the cost of abiding by federal antidiscrimination laws—which the evidence at trial indicates Werner's competitors already do. The public interest will be served by Werner's recruiters appropriately processing deaf applicants.

It's undeniable that some irreparable harm is likely to result from complying with the injunction. However, the injury alleged is not extreme enough to warrant staying the injunction when weighed against the interests of the public and the Court's assessment of Werner's likelihood of success on appeal. Werner's motion to stay the injunction will be denied.

Pursuant to the amended judgment, the first report to EEOC (and proof of service of such report) is due November 22, 2024. The first report should

include the reportable information dating back to the original judgment: January 10, 2024.

IT IS ORDERED:

1. Werner's motion to stay proceedings to enforce a judgment pending appeal (filing 381) is granted in part and denied in part.

2. Execution of the May 23, 2024, amended money judgment (filing 377) is stayed until 30 days after the final disposition of Werner's appeal, or until further order of the Court.

Dated this 12th day of August, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge